## CIRCUIT COURT OF THE CITY OF RICHMOND

Beale, Wright,
Balfour & Davidson

v.

Western Talley Corp. et al.

November 27, 1990

Case No. LS-1182-2

By JUDGE MELVIN R. HUGHES, JR.

At the conclusion of all the evidence in this case tried to the court on November 1, 1990, the Court took the matter under advisement. Later that day, plaintiff delivered to the Court a letter memorandum listing cases in support of his claims. Plaintiff is a lawyer who represented defendants in an action pending against them in federal court. He sues to recover attorney fees and expenses on the ground of implied contract and quantum meruit.[1]

Briefly, the facts according to the stipulations of the parties and the evidence are these. Plaintiff was contacted by one of the defendants herein, Western Talley Corporation (Western), to represent it in a case then pending in the Eastern District Court. The federal suit involved a claim for monies due for work done on a construction project. A subcontractor had brought an action against Western, a general contractor, defendant Morrison-Knudsen (Morrison), the construction manager, and defendant Fidelity and Deposit Company of Maryland (Fidelity), the surety

---

[1] Default judgment was entered against Western Talley Corporation on July 7, 1990.

on a performance bond. Plaintiff agreed to represent Western. With plaintiff's knowledge, Morrison and Fidelity entered into a written agreement with Western whereby they agreed that Western would be responsible to plaintiff for all the parties' legal fees. On that basis, plaintiff represented Morrison and Fidelity. Before the Agreement was finalized, plaintiff had the defendants include a provision whereby Western would direct plaintiff to notify Morrison and Fidelity of any failure of Western to pay him any fee installment due within 15 days of his request. The agreement further provided that Morrison and Fidelity reserved the right "to retain counsel for their defense in substitution for counsel retained by Western Talley."

After the agreement was signed by the defendants and shortly before the trial date, plaintiff notified Morrison and Fidelity of Western's failure to pay attorney fees then due. Morrison and Fidelity advised plaintiff that according to the Agreement, he must look to Western for payment. When plaintiff told the attorney for Fidelity he would move the Court to allow his withdrawal from the case, the attorney advised that it was his opinion the Court would not allow him to do so. Thereafter, plaintiff moved the federal court for permission to withdraw his representation of all defendants. The Court denied this request. Instead, the Court granted a brief continuance and when trial was had on the later date, judgment was obtained against the defendants in the amount of $58,392.98. Morrison and Fidelity rely on Restatement of Restitution, Sect. 110, which provides:

> A person who has conferred a benefit upon another as the performance of a contract with a third person is not entitled to restitution from the other merely because of the failure of performance by the third person.

They argue that pursuant to the agreement, plaintiff must look to Western for payment. They also contend Western was primarily liable and they secondarily liable, and as such, plaintiff had to perform the same work for them as he did for Western. Plaintiff argues that, notwithstanding the agreement, under implied contract and quantum meruit, he is entitled to recovery of attorney fees from

Morrison and Fidelity. The Court holds that plaintiff is entitled to the reasonable value of his services rendered on Morrison's and Fidelity's behalf.

What makes these facts not subject to an implied contract analysis is plaintiff's role in and knowledge of the defendants' express contract covering the payment of attorney fees to him. These circumstances militate against conduct between him, Morrison and Fidelity evincing an agreement to pay attorney fees. The parties' actions toward one another in their dealings do not establish facts on which proper inferences can be drawn that plaintiff can look to Morrison and Fidelity according to an agreement to pay him attorney fees. *Hendrickson v. Meredith*, 161 Va. 193, 200 (1933). A promise to pay for service is not implied by the law where it may reasonably be inferred from the circumstances and conduct of the parties that no payment was to be made for them. *O'Neill v. Ramsey*, 13 Va. Cir. 438 (1972).

Plaintiff cannot recover on quantum meruit under the circumstances because this approach allows recovery on the basis that the parties agreed on compensation but did not agree on the amount to be paid, *County of Campbell v. Howard*, 133 Va. 19, 51 (1922). *See also Marine Devel. Corp. v. Rodak*, 225 Va. 137, 140-141 (1983).

The question then becomes whether plaintiff is due compensation from these defendants when he was required by the Court to continue to represent them after he asked to be relieved. Section 110 of the Restatement would normally control, except for the intervention of the judge who did not let plaintiff withdraw from the case. Upon the federal court's action denying plaintiff's request to withdraw and with Morrison's and Fidelity's knowledge beforehand plaintiff would do so, the circumstances evolved to a situation upon which there was a reasonable expectation on plaintiff's part that these defendants pay him, notwithstanding the earlier agreement. Under these circumstances, despite the absence of an express agreement to pay attorney fees or one fairly implied from the conduct of the parties, the law will provide a remedy by quasi contract without reference to the intention of the parties for the purpose of bringing about justice and avoiding an unjust enrichment. 4B Michie's Jur., *Contracts*, § 99 (Cum. Supp. 1986).

Accordingly, the Court will award plaintiff judgment for the amount of attorney fees shown by the billings put in evidence. Counsel will need to cull from the billings the charges and expenses for work on the counterclaim filed on Western's behalf and then submit the remaining figure to the Court which will be included in a judgment order the Court will enter.